CHARLES RICHARDSON, A. D. B. N. OF ROBERT R. RICHARDSON, *vs.* THE STATE OF MARYLAND, USE OF THOMAS RAWLINGS.—*June* 1845.

In an action on a bond given by a trustee, appointed under a decree in equity, "well and truly to execute the trust reposed in him by the said decree, or which shall be reposed in him by any future decree or order in the premises," brought for the use of a party, to whom a portion of the proceeds of the property sold by such trustee had been ordered to be paid, to recover the same, it is not competent for such trustee to question the correctness of the original decree for a sale; or the order relative to the distribution of the purchase money.

If there was any error in the proceedings in Chancery, of which the trustee had any right to complain, he might have appealed therefrom.

It is the duty of a trustee, acting under a decree for a sale, as soon as an order has passed distributing the proceeds thereof, and he has received the same, either to pay over the fund to the party directed to be paid, or carry the same into court.

For money detained against such duty, the jury may give interest, by way of damages.

APPEAL from *Baltimore* County Court.

This was an action of *debt,* brought to May term 1842, by the appellee. The declaration assigned a breach of the condition of a bond of *Robert R. Richardson,* dated 22nd January 1821, given as a trustee of the Court of Chancery, under a decree to sell certain real estate. The defendant pleaded *nil debet.*

The plaintiffs, to support the issue on their part, offered in evidence the record of the proceedings of the Court of Chancery, in the cause in which the bond declared on was given, and then closed their case. These proceedings are sufficiently set forth in the opinion of this court.

This record contained an audit of the account between the estate of *Thomas Richardson, deceased, Dr.,* with *Robert R. Richardson, trustee, Cr.,* dated 10th February 1821, in which *Thomas Rawlings* was allowed $214.79, ratified on the 10th May 1821.

The defendant, for the purpose of proving a payment on account of the amount appearing to be due to the *cestui que use* of the plaintiffs on the above record, offered in evidence the following paper:

| | | | |
|---|---|---:|---:|
| 1821—May 10. | To *Thomas Rawlings,* as pr. auditor's acc't. - - - | $214 | 79 |
| | Interest to 10th May 1836, 15 yrs. | 193 | 50 |
| | | 408 | 29 |
| 1836—May 10. | By cash paid, - - - | 200 | 00 |
| | | 208 | 29 |
| | To in't. to Jan'ry 15th 1841, 4 yrs., 8 ms. and 5 ds., - - | 58 | 41 |
| | | $266 | 70 |

Which it was admitted was an account made on behalf of the *cestui que use,* and furnished to the defendant's testator, and here closed their testimony.

1st. The defendant prayed the court to instruct the jury, that the plaintiff's *cestui que use* was not entitled to the legacy mentioned in the will in the said record, until he arrived at the age of twenty-one years, and that he is not entitled to interest on said legacy prior to his majority, unless the jury shall believe that the defendant used the money for his own benefit in the interim, of which there is no evidence in the case.

2nd. That the *cestui que use* aforesaid, is not entitled to interest on the said legacy until there is a demand therefor, and

that there is no evidence of demand prior to 10th June 1836, and that the charge of interest in the said account offered by the defendant to prove the payment of the sum of $200, does not entitle the plaintiff to the interest there charged, unless the jury shall believe, that prior to such demand, the defendant used the said legacy for his own benefit, of which there is no testimony in the cause.

The court, (PURVIANCE, A. J.,) refused to give these instructions, and the defendant excepted.

The defendant below prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

By LATROBE for the appellants, and
By DAVID STEWART for the appellees.

MAGRUDER, J., delivered the opinion of this court.

The intestate of the plaintiff in error was appointed, by the Chancellor, trustee to sell certain property, and upon his bond, the condition of which, required him to execute the trust reposed in him by the decree, or which shall be reposed in him by any future decree or order in the premises, this suit was instituted. The plaintiff below, in his declaration, set forth the cause of action. After reciting the decree, the execution of the bond, the sale of the premises, report of the trustee, and confirmation of the sale, it states, that the auditor of the court, by order of the Chancellor, did state an account, and on the 10th May 1821, reported, that of the proceeds of sale, the person, for whose use this suit is brought, was entitled to $214.79. The report was confirmed by the Chancellor, who ordered, that the proceeds of sale, so as aforesaid made, be applied accordingly, with interest, as it had been, or might be received. It is, then, alleged, that on the 6th day of March 1828, the trustee received and collected, of the purchaser of the premises, the principal, and a further sum for interest then due, which, by the terms of the decree, he, the trustee, ought to have brought into court to be applied, and the portion to

which *Rawlings*, the *cestui que use*, was entitled, to be paid to him. For the non-payment of the sum ascertained, by the Chancellor's order, to be due to this *cestui que use*, with the interest thereon, this suit was brought.

A verdict being obtained by the plaintiff, the defendant below appealed. The bill of exceptions taken in the case, discloses to us every thing, which we can know to have taken place in the course of the trial.

Whether the proof entitled the plaintiff below to a verdict at all, and if it did, for what sum? Whether the jury gave too much, or too little for damages? are not the questions which we are to decide.

From the decree of the Chancellor, or from any order which the Chancellor passed in the case, no appeal was ever prayed.

Ought the court to have given the instructions which the defendant below asked, or either of them? The first prayer is, that the plaintiff is not entitled to the legacy mentioned in the will in the said record, until he arrived to the age of twenty-one years, and that he is not entitled to interest on said legacy, prior to his majority, unless the jury shall believe, that the defendant used the money for his own benefit, in the interim.

We can discover no error in the refusal, by the court below, to give this instruction, whether the original decree was correct, or whether the Chancellor erred in the order which he passed, relative to the distribution of the purchase money, were questions not before the court below, and which certainly could not be raised by *him*, who took upon himself the burthen of executing the decree, and who was bound, by the terms of the condition of his bond, to execute the trust reposed in him by the decree; or which might be reposed in him by any future decree or order in the premises. If there was any error in the proceedings, of which the trustee had a right to complain, he might have appealed therefrom ; no such appeal having been taken, it is no defence in this action upon the bond, for not performing the order of the Chancellor, that the Chancellor's order is not correct. The matter which this prayer brought before the court, was without the issue.

Richardson *vs.* the State, use of Rawlings.—1845.

Nor does there appear to have been committed by the court below, any error in rejecting the second prayer. The order of the Chancellor was passed the 10th May 1821 ; and the suit was instituted in 1842. The trustee's duty, as soon as the order was passed, and the money was received by him, was to pay it over to the parties, or to carry it into the Court of Chancery. Surely the jury might give interest, by way of damages, for the detention of the money; and in ascertaining the sum yet due, were not bound to refuse to allow interest until the time mentioned in the prayer. Indeed, the proof furnished by the defendant shows, that he could not ask to be released from the payment of interest until the 10th June 1836, mentioned in his prayer.

It is not for this court to judge, whether the evidence warranted a verdict for the plaintiff; no exception taken in the case, brings such a question before us; possibly the jury were governed entirely by the defendant's own testimony. This court can see nothing in the refusal by the court below to give the instructions which were asked, which will authorize them to send the case back for a second trial.

Something was said, in the course of the argument, about a claim of the defendant's intestate for supporting the children. It is possible, that the Chancellor might have allowed such a claim, and directed it to be deducted from the interest, which, from time to time, the defendant's intestate received. But even if the defendant's intestate had a just claim, yet as he did not exhibit it at the right time, and in the proper court, this court is not at liberty, for that reason, to reverse the judgment of the court below.

JUDGMENT AFFIRMED.