JACKSON C. GOTT *vs.* THE STATE OF MARYLAND, use of GEORGE W. BARNARD.

*Questions of Pleading in a Joint action on a Trustee's bond, against the Trustee and his Surety—Effect of a separate Verdict against the Surety—Motion in arrest of Judgment—Art. 29, sec. 14, of the Code, relating to Judgments—Proper form of Entering a Judgment in an Action on a Trustee's bond—Admissibility of Evidence—Principal and Surety—Liability of Trustee for Interest—Liability of his Surety for Interest—Verbal agreement to give Time to the Principal obligor in a Trustee's bond—Liability of the Surety for money received by the Trustee before it was due—Presumption as to the payment of Interest upon the Deferred instalments of Purchase money.*

An action was brought in the name of the State for the use of the equitable plaintiff against the principal and surety on a bond, conditioned for the performance of the duties imposed on the principal as trustee under a decree in equity. The declaration assigned in full the breaches for which the suit was brought. The surety appeared separately, and by his first plea pleaded general performance. On demurrer to this plea it was HELD:

That the plea of general performance was no sufficient specific answer to the allegations of the declaration, and the demurrer to it should be sustained.

The defendant by his second plea set up a general performance, and further that no other trust was reposed in him by any subsequent or other decree. The plaintiff replied "join issue on second plea." Upon demurrer to this replication it was HELD:

That the replication imported a denial of the averments of the plea, especially the latter part of it and was not demurrable.

The ninth plea stated that by the decree mentioned in the bond sued on, the trustee was directed to make sale of the property in the proceedings mentioned, in the same manner and upon the same terms as had been prescribed

in a former decree passed in the same cause, which terms were specifically set forth in the plea—and then stated that no further or other trust was imposed upon him by said decree or any subsequent decree; and that the said trustee did make sale of the property in the manner and upon the terms aforesaid, and the said sale was approved and ratified by the Court. To this plea the plaintiff replied "to ninth plea join issue." On demurrer, it was HELD :

That the demurrer was properly overruled.

The eleventh plea and the replication thereto present a case where the replication was held to be a denial of the facts averred in the plea, and affording no ground of demurrer.

The principal and surety were sued jointly. The surety pleaded separately, and upon the issues thus raised a separate verdict was given against him. Upon a motion in arrest of judgment, it was HELD :

1st. That under the system of pleading now authorized, after the issues were made up and tried before the jury, it was too late to undertake to arrest the judgment upon said verdict.

2nd. That it was then the duty of the Court under the 14th section of Art. 29 of the Code, to pronounce the judgment upon the verdict.

3rd. That the proper form of entering the judgment would have been for the penalty of the bond, to be released on the payment of the sum found to be due by the jury, &c.; but the informality did not vitiate the judgment as entered.

The trustee, as witness for the defendant, stated that he had asked B. to take certain promissory notes of his to B's brothers and sisters for the payment of their respective shares, intending the parties should take them for the balance due, and discharge him from the amount he owed as trustee, and that he gave him blank receipts to be executed by them  The plaintiff's counsel produced one of the blank receipts and proposed to offer the same in evidence. On objection, it was HELD :

That there was no rule of evidence to justify its exclusion, and as it constituted a part of the transaction connected with the offer of the notes, and might be explanatory of them, it was proper to be admitted.

In the above action, it was HELD :

1st. That it was immaterial to the plaintiff's right to recover at what time the money was received by the trustee.

2nd. That it was unnecessary to aver its receipt in the declaration.

3rd. That where the declaration contained unnecessary averments, a prayer offered by the plaintiff making the finding of the jury co-extensive with all

the averments of the declaration, could not operate to the prejudice of the defendant.

4th. That the equitable plaintiff was entitled to recover his due proportion of the interest received by the trustee from the purchasers of the property, and there was no error in so instructing the jury.

5th. That the trustee was bound to pay interest upon the moneys received by him and applied to his own use, and there was no error in so instructing the jury.

The question of the liability of the trustee for interest depends upon the nature of each case, but whenever he is bound in good conscience to pay interest his surety must be held responsible also.

Case where the testimony as to an agreement to give to the trustee additional time for the payment of money, was held to be too vague and insufficient to estop the plaintiff from recovering against the surety.

Whether an agreement made verbally to give an extension of time to the principal obligor, can, under any circumstances, operate to discharge the surety, (as to which *quære?*) it is a clear proposition of law that any agreement to that effect must be upon sufficient consideration, and must amount to an estoppel upon the party claiming to hold the surety bound.

Under the decree the property was authorized to be sold for one-fourth cash, the balance on a credit, or all cash at the option of the purchaser. The trustee at the sale took the notes of the purchasers for the deferred payments, but the notes were paid before maturity and within three or four months after the sale. HELD:

1st. That the receipt of the money by the trustee *before it was due*, without the knowledge and consent of his surety would not operate to discharge the surety.

2nd. That if the trustee was not ready to pay the money over when ordered to do so by the Court, upon the demand of the plaintiff, his surety as well as himself were bound for the breach of duty.

3rd. That although the decree did not prescribe that interest should be paid upon any deferred instalments of the purchase money, it might fairly be inferred in the absence of any proof to the contrary, that the sale was so made in fact by the trustee.

4th. That however that might have been, if the trustee did in fact receive any interest on the credit payments, his surety was as much answerable for the same as for any principal sum received by him.

Gott *vs.* State, use of Barnard.

APPEAL from the Superior Court of Baltimore City.

This is an action brought in the name of the State for the use of George W. Barnard against William H. H. Adkisson and the appellant, upon a bond given by Adkisson to the State, conditioned for the performance of his duties as trustee, under a decree of the Circuit Court of Baltimore City, by which decree he was appointed trustee to make sale of certain property owned partly by the equitable plaintiff.   By the decree the terms of sale were to be "one-fourth cash, one-fourth in six, one-fourth in twelve, and one-fourth in eighteen months, or all cash at the option of the purchaser or purchasers."   The trustee, in his report of the sales made under this decree, stated that they were made "in accordance with the terms of sale as prescribed by said decree," and at the trial he stated that the terms of sale as made were one-fourth of the purchase money cash, and the balance in six, twelve and eighteen months; that he took the promissory notes of the purchasers for the deferred payments accordingly; that the notes were paid *before maturity*, and within three or four months, he thought, after the sale.   The substance of the declaration is set forth in the opinion of the Court.   The appellant appeared separately and filed eleven separate pleas, the first, second, ninth and eleventh of which are as follows :

1st.  That the said William H. H. Adkisson performed and fulfilled all the matters and things in the condition of the said bond to be performed and fulfilled, according to the said condition.

2nd.  And for a second plea, that the said William H. H. Adkisson did well and faithfully perform the trust reposed in him by said decree, and no other trust was or hath been reposed in him by any subsequent or other decree in the said premises.

9th.  And for the ninth plea in this behalf, the said Gott says, that in and by the said decree in the said writing

obligatory and declaration mentioned, the said William H. H. Adkisson was authorized and directed to make sale of the property mentioned in the proceedings in said cause wherein said decree was signed and pronounced in the same manner and upon the same terms as had been prescribed in a certain former decree passed in said cause, which were as follows, that is to say : That the trustee should proceed to make the said sale, having given at least three weeks notice by advertisement inserted in such daily newspaper or newspapers published in the city of Baltimore as he should think proper, of the time, place, manner and terms of sale, which terms should be one-fourth cash, one-fourth in six months, one-fourth in twelve months and one-fourth in eighteen months, or all cash, at the option of the purchaser or purchasers ; and no other or further trust was by the said first mentioned decree in the said writing obligatory mentioned and referred to, nor by any succeeding decree in said cause reposed in him, the said Adkisson ; and the said Adkisson did duly make sale of said property in the manner, and upon the terms aforesaid, and not otherwise, and the said sale was thereupon approved and ratified by the said Circuit Court.

11th. And for a further plea, that the said George W. Barnard for a good and valuable consideration in that behalf, agreed to give, and gave to the said William H. H. Adkisson time for the payment of the said money so audited and distributed to the said Barnard, to wit : from the time when the same, by virtue of the said order of ratification, was payable until the commencement of this suit, and forbore to enforce payment of the same during that time, upon and for the consideration aforesaid, and that the said George W. Barnard could and might, had he not given such time as aforesaid, have obtained payment from the said Adkisson of the said money, and all interest due thereon ; and that by means of the premises, he, the said Jackson C. Gott, has been greatly prejudiced and damni-

fied, and has been and is wholly discharged from all liability to pay the amount due upon said auditor's account and order of ratification thereof.

To these pleas the plaintiff demurred.   The Court sustained the demurrer to the first plea and overruled the demurrer to the eleventh plea.   The demurrer to the second and ninth pleas was withdrawn.   The plaintiff thereupon replied, " Join issue on second plea," and " To ninth plea join issue ;" and to the eleventh plea, by way of replication, the plaintiff said that the said George W. Barnard did not agree, for good and valuable consideration, to give time to the said Adkisson for the payment of the said money audited and distributed to the said Barnard, or to grant indulgence to said Adkisson, whereby the said Gott was discharged from all liability to pay the amount due upon said auditor's account.   To these replications the defendant demurred ;. the Court overruled the demurrers, and issues were joined.

A jury was then empannelled to try the issues joined between the plaintiff and the appellant, without any action being taken as against the other defendant.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—After the testimony was closed the plaintiff offered the following prayers :

1. If the jury shall believe from the evidence, that the defendant is the person who, together with Adkisson, made the bond, a certified copy of which has been offered in evidence by the plaintiff, and that Adkisson received the money from the sale of the property therein mentioned ; that said Adkisson had notice of the auditor's account and final order of ratification, a certified copy of which has been offered in evidence by the plaintiff; and that afterwards, George W. Barnard, the person for whose use this action was instituted, demanded of said Adkisson the sum audited to him, then the jury are instructed that the plaintiff is entitled to recover in this action the amount audited to

him by the auditor's account, (less what he has received from the trustee on account thereof,) and also his proportion of the interest received by the trustee from the purchasers; and he is also entitled to interest upon such part of said principal and interest as they may find the said trustee applied to his own use.

2. If the jury find the facts set forth in the plaintiff's first prayer, then they are instructed that there is no evidence that the promissory note given to Notley Barnard to deliver to George W. Barnard, was ever received and accepted by said George W. Barnard, or that he ever agreed to receive or accept the same, and therefore it can have no effect upon the plaintiff's right to recover in this action.

3. If the jury find the facts set forth in the plaintiff's first prayer, they are instructed that there is no evidence that John D. Barnard or Notley Barnard, or any one else, was ever authorized by George W. Barnard, to make any agreement with Adkisson, that said Adkisson should retain and use said Barnard's share of the money which said Adkisson received as trustee.

4. If the jury find the facts set forth in the plaintiff's first prayer, then they are instructed that there is no evidence that George W. Barnard, or any one acting in his behalf, ever made any agreement with Adkisson, that said Adkisson should retain and use said Barnard's share of the money which said Adkisson received as trustee; and that the plaintiff is entitled to recover in this action.

The defendant, Jackson C. Gott, prayed the Court to instruct the jury as follows:

1. That if they find that after the execution of the bond offered in evidence, there was an agreement between the parties to the said equity case of *Barnard vs. Barnard*, or some of them, and the said Adkisson, that the latter should have the right to make use of the trust funds in said cause, or of said trust funds, with the exception of the cash pay-

ments received from the purchasers under the terms of sale, subject to the call of the parties entitled thereto only after two weeks' notice, and that in consideration thereof, the said Adkisson should give up to the said Barnards the commissions earned by him as trustee in said cause, and that the said George W. Barnard, for whose use this action is prosecuted, was party to said agreement or assented thereto, and that under said agreement said Adkisson did make use of such trust funds, including all of the share of the said George W. Barnard, which has not been paid to him before the bringing of this suit, and that the said arrangement and agreement was without the consent of the said Gott, then the said defendant, Gott, is entitled to a verdict in his favor in this case.

2. That if the jury find that the terms of the sales as made by the said Adkisson, under the decree offered in evidence, were that the purchasers should pay one-fourth of the purchase money in cash, and that the residue thereof should be paid in three equal instalments, payable respectively at six, twelve and eighteen months from the day of sale, and that the said sales so made were ratified by the Circuit Court of Baltimore City, and the cash payments made by the purchasers, and their promissory notes taken by the said trustee for the deferred payments payable in accordance with the said terms; and shall further find that the said Adkisson, without the knowledge or consent of the said Gott, collected and received the said deferred instalments of purchase money several months before the times when they were respectively payable according to the said terms of sale, and before the maturity of said promissory notes, and that the payment of said notes was thereby anticipated by agreement between the said Adkisson and the respective purchasers, and that the share of the said George W. Barnard in said cash payments was duly accounted for and paid by said Adkisson to him, and that said moneys so received in anticipation

of the days of payment fixed by the sales were used and applied to his own purposes by the said Adkisson, without the knowledge or consent of the said Gott, before the time when they would have been received according to the terms of sale and the tenor of said notes, then in the absence of any proof of any order of the said Circuit Court authorizing such anticipation of payment, the said Gott is not responsible for the share of the said George W. Barnard in such last mentioned moneys so received in anticipation by said Adkisson, and upon the pleadings and evidence in this case the verdict of the jury should be in favor of the said Gott.

3. That by the terms of sale prescribed by the decree offered in evidence, the purchasers were not chargeable with interest upon the deferred payments, and as against the defendant, Gott, interest is not to be calculated upon said deferred payments before the times when they were payable, namely, six, twelve and eighteen months from the day of the sale.

4. Whether or not any interest is chargeable upon moneys which the jury may find the said Adkisson to have received as trustee in said case of *Barnard vs. Barnard*, as against the defendant Gott, under the pleadings in this case, rests in the discretion of the jury.

The defendant excepted specially to the plaintiff's first prayer for the following reasons :

1. For that the said prayer assumes as a fact that the said Adkisson had received the said purchase money when the said auditor's account was stated, and said order of ratification passed.

2. For that it assumes as a fact that Adkisson had received such purchase money when the said alleged demand was made upon him.

3. Because of the instruction therein to give interest,s a therein mentioned.

The Court, (DOBBIN, J.,) granted the prayers of the plaintiff and refused those of the defendant.

And when so·refusing the third prayer of the defendant, declared and expressed to· the jury the following opinion or instruction:

" The Court being of opinion that the trustee is properly chargeable with all the interest he received from the purchasers, and with interest upon all of the trust funds used by him for his own benefit, from the time of such use, the liability of the surety is co-extensive thereunder."

The defendant excepted.   The jury rendered a verdict for the plaintiff, and the defendant moved in arrest of judgment, for the reason that the said verdict was not sufficient to found a judgment upon against him.

The Court overruled the motion and judgment was in accordance with the verdict.   The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Arthur W. Machen.* and *Thomas Donaldson*, for the appellant.

A contract or arrangement giving time to the principal may in a Court of law, be set up by the surety, as a defence to an action on a bond, wherever the fact that he is merely a surety appears upon the face of such bond. *Bowmaker vs. Moore,* 7 *Price,* 230 ; *People vs. Jansen,* 7 *Johns.*, 332.

If the party entitled to receive money from a trustee, deliberately waives taking it in accordance with the terms of the decree or order, and authorizes the trustee to hold it for him beyond or independently of the terms of the trust, whether as his agent, or by way of loan, the surety is released as fully as if the money had been paid into the very hands of the party entitled, and by him subsequently returned to the trustee to be held in the new relation.   *Scott vs. State, use of Ducker,* 2 *Md.*, 289 ; *Bowmaker vs. Moore,* 7 *Price,* 231.

The Court erred in instructing the jury (plaintiff's first prayer,) that the surety was responsible for money received as interest from the purchasers, although such payment of interest by them was merely voluntary, and not required by the terms of sale. The surety could only be answerable, if at all, for money received by the trustee, *under the decree*, and not for that which he had no right as trustee to exact. *State, use of Oyster vs. Annan*, 1 *G. & J.*, 450 ; *State, use of Boteler vs. Digges*, 21 *Md.*, 243.

The Court erred further, in directing the jury to award interest upon such illegally collected interest, and generally in the instruction as to interest. *Richardson vs. State*, 2 *Gill*, 443 ; *Alex. Ch. Pr.*, 155, 156.

The plaintiff's first prayer was also objectionable for the reasons stated in the special exception, because the facts are therein assumed, that the trustee, Adkisson, had received the purchase money when the auditor's account was stated and ratified, and when the alleged demand was made upon the said trustee.

There was error in granting the plaintiff's second prayer. The retention of the promissory note sent to George Barnard under the circumstances in evidence and its production by him at the trial under a notice, were *some* evidence of his electing to hold it. The question was for the jury.

The evidence excepted to in the first bill of exceptions ought not to have been admitted ; no connection being shown between the paper in question and the promissory note of Sept. 1st, 1873, with which the learned Judge assumed to connect it.

Upon the motion in arrest of judgment. It was error to ignore the co-defendant and proceed to try the issues between the plaintiff and Gott alone. As Adkisson, had not pleaded, the only regular course was to enter judgment on default against him, and then impannel a jury as well to try the issues joined between the plaintiff and Gott as to inquire of the damages under such judgment by default,

*tam ad triandum, quam ad inquirendum.*  2 *Tidd's Pract.*,
894, 5 ;  *Archbold's Forms and Entries*, 337, 338 ;  *Tidd's
Practical Forms*, 277, 278 ;  2 *Harris' Ent.*, 69.

Had Adkisson separately pleaded also, the issues thus
formed must have been tried before the same jury ; and if
the plaintiff had prevailed upon both sets of issues, there
could have been but one assessment of the damages.   If
either of the defendants had maintained an issue made
with him, the plaintiff could not have had judgment
against the other, the action being joint, and the cause of
action *as sued on* being a joint obligation.   *A fortiori* no
judgment can rightly be entered upon the finding of a jury
impannelled upon issues joined with one defendant, when
the other, being subject to the jurisdiction and summoned,
has not answered to the action at all.    *Boulter vs. Fourd*,
1 *Keble*, 284.

In debt on bond the proper judgment is for the *penalty
of the bond*, to be released on payment of the amount of
damages assessed.    *State, use of Maulsby vs. Tabler*, 41
*Md.*, 236.

It would be a strange anomaly if there were a judgment
for the penalty to be released as to one defendant upon
payment of one sum and as to the other upon payment of
another sum.

The judgment actually entered upon the verdict, for the
sum of $350 was an erroneous judgment.    *State, use of
Maulsby vs. Tabler*, 41 *Md.*, 236.

The second plea alleged that the trustee had well and
faithfully performed the trust reposed in him by the de-
cree appointing him, and that no other trust was reposed
in him by any subsequent or other decree.   This plea
stated a good defence and required to be answered.   The
plaintiff could have replied either that the trustee had
not performed the trust reposed in him by said decree, or
that there was a trust reposed in him by some other decree
which he failed to perform.   What he did reply was no

legal answer at all—"join issue on second plea." There was no issue yet made to be joined. The plea itself was not such a traverse of any specific allegation of the declaration as made a case of an affirmative and negative upon the same point. The words "join issue," in the absence of some statute giving them a statutory meaning, are meaningless as here used.

The objection to such a mode of pleading, as applied to the case of the ninth plea, is still stronger. Indeed, unless the phrase "join issue" dispenses with all pleading subsequent to the declaration, it is difficult to see how it can be contended that they constitute any answer to such a plea as the ninth. That plea sets forth a number of facts, all in combination constituting a perfect defence to the action; no one of them is traversed. And see *Forms of Replications*, 1 *Code*, 518, 519.

The plaintiff's demurrer to the first plea,—a plea of general performance—necessitated a critical examination of the technical sufficiency of the averment of breach in the declaration. Unless a breach was well assigned in the declaration, the plea was unquestionably a good one. 1 *Wms. Saund.*, 117, *note* (1;) 2 *Wms. Saund.*, 409 *a*, *note* (3.)

The effect indeed of any demurrer, is to reach back to the first error in the pleading.

The declaration avers that " on or about the 4th day of January, 1872, *and at sundry times thereafter*, and *before the commencement of this action*, the said William H. H. Adkisson did receive on account of said trust the sum of $9100." But it should have stated *how* it was received— that is to say, the facts showing it was received under the trust should have been stated, as that it was *purchase money* of property sold by virtue of the decree. The trust on the face of the bond, was a trust *to sell*, and there is no allegation in the whole declaration that the trustee made any sale. *Scott vs. State, use of Ducker*, 2 *Md.*, 289.

It is not directly and with requisite precision of pleading alleged that, before the presentation of the copy of the auditor's account and demand of payment, the trustee had actually received the trust money. It is averred that he received it from time to time, between the 4th of January, 1872, and the commencement of the action, but *non constat* that he had received it all before the demand.

The replication to the eleventh plea was bad. That no moral obligation rests upon the surety. That he is only bound by the letter of his contracts, and that the Court will give him the protection of every possible legal defence, are principles too well established to require extended illustration from authorities. *Waters vs. Riley*, 2 *H. & G.*, 314 ; *Birckhead vs. Saunders*, 2 *H. & G.*, 82 ; *Bruce vs. State*, 11 *G. & J.*, 382 ; *Morgan vs. Blackistone*, 5 *H. & J.*, 61.

*J. T. Mason, R.*, and *L. H. Powell*, for the appellee.

The second plea was either a plea of general performance, and therefore vicious ; *Evans' Practice*, 199 ; 5 *Robinson's Practice*, 657, and cases there cited ; *Finley vs. Boehme*, 3 *G. & J.*, 42 ; *Hannan vs. State*, 2 *Gill*, 48 ; *Floyd vs. Burgess*, 4 *Gill*, 192 ; *Everett vs. State*, 28 *Md.*, 190 ; or it was a traverse of the declaration—in which case the plaintiff could only join issue thereon. It is an elementary rule in pleading, that an issue when well tendered must be taken.

The ninth plea was likewise substantially a traverse of the declaration ; for if it was anything else it was bad, and defendant's own demurrer reached it.

The second decree appointed Adkisson, trustee, " in the stead of Bevan," to sell " in the same manner and upon the same terms as prescribed by the former decree," and he of course stood exactly in the shoes of the former trustee, Bevan, having the same rights and duties, and subject to the same penalties.

The plaintiff's replication to defendant's eleventh plea is a common traverse, a denial in terms of the facts in said plea. The objection made to it below, was that it traversed the legal conclusion of the plea. If this be true, it is a mere formal defect and not demurrable. *Art.* 75, *secs.* 3, 7 *and* 8, *of the Code.*

The motion in arrest of judgment, was properly overruled.

Because the objection went to a matter of form only, and the judgment could not therefore be arrested. *Art.* 75, *sec.* 8, *of the Code; Art.* 29, *sec.* 14, *of the Code.*

The plaintiff at common law was always entitled to a joint judgment, because a judgment against one of two joint debtors would merge the cause of action ; this rule has been changed by the Code. But in any case the defendant could not be at all prejudiced by this mode of procedure. *Art.* 49, *sec.* 10, *of the Code; Thomas vs. Mohler & Graff*, 25 *Md.*, 44, 45 ; 1 *Chitty's Pleading*, 145.

The objection should have been made before or at the time the jury was sworn ; the defendant cannot be allowed to lie by, and take the chances of a verdict in his favor, and then raise the point at this late stage of the proceedings. The motion was decided too late. *Const. of Md., Art.* 4, *sec.* 33; *Act of* 1870, *ch.* 177.

During the examination in chief of Dr. Adkisson, the defendant offered in evidence the promissory note from Adkisson to Geo. W. Barnard, which had been sent by Adkisson to George. On cross-examination by the plaintiff, it appeared that Adkisson had sent with this note, and the others which he gave Notley Barnard to give to his brothers and sisters, an equal number of unsigned receipts, and asked Notley to give them to his brothers and sisters, and ask them to accept the notes, and sign and return the receipts, and that Notley afterwards wrote him that they all refused to receive them. This receipt was clearly

admissible as part of the transaction, in order that the whole thing might go to the jury, and not a part of the transaction only. The admission of the receipt could not in any way prejudice the defendant. The receipt was produced in Court by the plaintiff under notice, and demanded by the defendant at the trial table, and inspected by defendant's counsel, who made himself acquainted with its contents, it was therefore evidence for both parties. 1 *Greenleaf Ev.*, *sec.* 563 ; 3 *Phil. Ev.*, (4th *Am. Ed.*,) 1191 ; *Jordan vs. Wilkins*, 2 *Wash. C. C. Reps.*, 482 ; *Commonwealth vs. Davidson*, 1 *Cush.*, 33, 44 and 45.

Whenever a final order of distribution has been made by the Court, and the trustee has notice of such order, a claimant may sue on the bond immediately after he has made a demand for what is due him. *State, use of Oyster, vs. Annan*, 1 *G. & J.*, 462 ; *Scott vs. State, use of Ducker*, 2 *Md.*, 290–1 ; *State vs. Norris*, 2 *Md.*, 294 ; *State vs. Mayhew*, 13 *Md.*, 377–8.

The surety is equally bound with the principal for the faithful performance of his duty by the latter, and the liability of the surety is therefore measured by that of the principal. *State vs. Snowden*, 7 *G. & J.*, 430 ; *Garey vs. Hignutt*, 32 *Md.*, 559 ; *Freaner vs. Yingling*, 37 *Md.*, 491. The plaintiff was certainly entitled to interest as against the principal. *Newson vs Douglas*, 7 *H. & J.*, 453 ; *Fridge vs. State*, 3 *G. & J.*, 117 ; *Richardson vs. State*, 2 *Gill*, 439. And the liability of the principal is the measure of that of the surety.

After the sale, Adkisson had anticipated the deferred payments, without the knowledge of the Barnards, and actually used their money, he then made this request that they should allow him the use of it until he needed it, and then give him a couple of weeks notice, to which some of them agreed, but without any consideration. An agreement giving time to the principal, must be one binding in law, in order to release the surety. *McLemore vs*

*Powell*, 12 *Wheat.*, 555-6-7-8 ; *Bellows vs. Lowell*, 5 *Pick.*, 310, 311 ; *Davis vs. Higgins*, 3 *N. H.*, 231, 232 ; *Oberndorff vs. Union Bank*, 31 *Md.*, 131 ; *Combe vs. Wolf*, 8 *Bing.*, 162 ; *Hayes vs. Wells*, 34 *Md.*, 515.

The proposition of law contained in the defendant's second prayer is as follows : that the trustee having sold for one-fourth cash, the balance in three equal instalments at six, twelve and eighteen months, and having received the deferred payments before they were due in accordance with the terms of sale, without the consent of Gott, the money so received in anticipation, was received outside of the trust, and the bond was therefore not liable for it. Without alluding to the novelty and injustice of such a proposition, it will be a complete answer to say that the trustee was bound to receive the money whenever the purchasers tendered it.  A debtor may pay his debt at any time whether due or not, and the creditor is bound to receive it.  *Talbott vs. Bradduck*, 1 *Vernon*, 395 ; *Sturdy vs. Arnaud*, 3 *T. R.*, 600 ; *Bond vs. Richardson*, *Cro. Eliz.*, 142 ; *Holms vs. Broker*, *Cro. Jac.*, 435 ; *Burgaine vs. Spurling*, *Cro. Car.*, 284 ; *McHard vs. Whetcroft*, 3 *H. & McH.*, 85.

STEWART, J., delivered the opinion of the Court.

The substantial questions involved in this case are, whether there was any breach of duty, on the part of the trustee, to the damage of the equitable plaintiff, which entitles him to a recovery against his surety, Gott, one of the defendants, and if so, whether under the pleadings and proofs in the cause, he can recover the same.

Sundry points as to the pleadings, admissibility of evidence, instructions of the Court, and regularity of the judgment rendered on the verdict, are presented for review, and will be disposed of in their order.

The plaintiff declared on the bond of Adkisson, as trustee, with the defendant, Gott, as his surety, under

decree in equity, averred the receipt of a large sum of money by the trustee, on account of the trust ; its mis-application by the trustee, the audit of the fund, making distribution amongst the parties entitled, one of whom was the equitable plaintiff, the order of the Court there-upon, directing the trustee to pay accordingly—notice thereof to the trustee, and formal demand upon him for the payment, and his refusal to pay the same.

To this, by his first plea, the defendant pleaded general performance, and the plaintiff demurred.

Defendant's plea was no sufficient specific answer to the allegations of the plaintiff's declaration, and there was no error in sustaining the demurrer thereto.

The defendant's demurrer to the plaintiff's replication to the second, ninth and eleventh pleas, was properly over-ruled.

The second, pleaded general performance by the trustee, and further, that no other trust was reposed in him, by any subsequent or other decree.   General performance was insufficient as has been stated, as to his first plea.   The plaintiff replied to the second plea in brief: "Join issue on second plea," which imported, as we understand it, a denial of the averments of the plea, especially the latter part of it, but the plaintiff seemed to have considered the plea more in the nature of a traverse of the declaration. This short way of pleading might have been the subject of special demurrer, under the technical rule of pleading, but special demurrers are not now to be tolerated in civil cases.   *6th sec. of Art.* 75 *of the Code.*   The 2nd, 3rd and 22nd sections of same Act, especially, make a plain statement of the facts, on the one side or the other, as the case may be, throughout the entire series of pleading, sufficient.   Substance is to be considered the purpose of pleading—whilst the forms prescribed by the Code, or any other of like character, to suit the facts of the case, may be used ; the Courts must have regard to the substance of

the pleading—facts only are to be stated, not arguments, inferences, or matter of law or evidence, or of which the Court will take notice, *ex officio.* The replication could be treated as a denial of any substantial allegation of the plea.

The defendant's ninth plea is no answer to the specific allegations of the declaration ; what it asserts may be all true, that the trustee discharged his duty, in making sale of the property, but it does not answer the averment of the declaration, as to the non-payment of the money under the order of the Court. It is immaterial, and can only be treated, to take the most favorable view for the defendant, as an indirect denial of the allegations of the declaration.

The replication to the defendant's eleventh plea, is a denial of the facts averred in the plea, and afforded no ground of demurrer.

The 49th Art. and secs. 14 and 18, of Art. 29, of the Code, recognize the right to recover judgment against one of several obligors in a bond, and under the system of pleading now authorized, after the issues were made up and tried before the jury, it was too late to undertake to arrest the judgment upon the verdict found against the defendant. It was then the duty of the Court, under the 14th sec. of Art. 29, of the Code, to pronounce the judgment upon the verdict.

There was no matter of substance in the objection and the defendant could not be injured thereby.

The proper form of entering the judgment, would have been for the penalty of the bond, to be released on the payment of the sum found due by the jury, etc. *State, use of Maulsby vs. Tabler,* 41 *Md.,* 236.

But the informality does not vitiate the judgment as entered.

There was no error in the admission of the proposed testimony in the first exception.

Defendant's witness, Adkisson, had stated that he asked one of the Barnards to take certain promissory notes of

his, to his brothers and sisters, for the payment of their respective shares, intending the parties should take them for the balance due, and discharge him from the amount he owed as trustee, and that he gave him blank receipts to be executed by them.

The plaintiff's counsel produced one of the unsigned receipts, and proposed to offer the same in evidence, which was objected to by defendant's counsel, but the same was admitted by the Court, upon the ground as stated in the exception, that the witness had testified that the receipt was part of the transaction, in which the promissory note already in evidence was offered.

There is no rule of evidence to justify the exclusion of the blank receipt, and as it constituted a part of the transaction connected with the offer of the notes, and might be explanatory of the same, it was properly admitted.

The second exception was taken to the granting of the plaintiff's and rejection of the defendant's prayers.

The special objection to the first prayer of plaintiff is untenable. The prayer does not assume as a fact, that the money was received by the trustee at any particular time, and it was immaterial when he received it.

The declaration had averred more than was necessary to be alleged or proven to entitle the plaintiff to a recovery, but that did not vitiate it. If it had simply alleged the execution and approval of the bond given by the parties for the faithful discharge of the duty of the trustee, and the order of the Court directing the payment to the equitable plaintiff of his distributive portion, and its demand, and non-payment, that would have been enough; we do not mean to say, that it would have been insufficient without this last averment, where notice of the order, demand and refusal to pay were proved. In the absence of any statement to the contrary, it would have been presumed the trustee had received the money, and had failed in the discharge of his duty, if he had not.

The first prayer makes the finding of the jury co-extensive with all the averments of the declaration, which certainly could not operate to the prejudice of the defendant. If the jury so found the facts, there was a sufficiency to enable the plaintiff to recover the amount distributed to him. See *State, use of Oyster vs. Annan*, 1 *G. & J.*, 462; *Comegys vs. State, use of Dyckes*, 10 *G. & J.*, 186; *Brooks vs. Brooke, et al.*, 12 *G. & J.*, 319.

The equitable plaintiff could also recover his due proportion of the interest received by the trustee, from the purchasers of the property. *Newson's Adm'r vs. Douglass*, 7 *H. & J.*, 417; *Fridge vs. State, use of Kirk*, 3 *G. & J.*, 117; *Richardson vs. State, use of Rawlings*, 2 *Gill*, 439.

Although the question of interest is ordinarily left to the jury, especially in cases of *tort*, yet where moneys have been received by a trustee under such circumstances, as occurred in this case, it is clearly his duty to pay the same, and the Court committed no error in so instructing the jury and in the further instruction that the trustee was bound to pay interest upon the moneys received by him, and applied to his own use.

The question of the liability of the trustee for interest, depends upon the nature of each case, and it is difficult to prescribe a fixed rule, to require its payment by the trustee; but wherever he is bound in good conscience to pay interest, his surety must be held responsible also. His liability is commensurate with the obligation of the trustee for whose conduct in the management of the trust money he is responsible. *State, use of Duvall vs. Snowden*, 7 *G. & J.*, 439; *Garey vs. Hignutt*, 32 *Md.*, 559; *Freaner vs. Yingling*, 37 *Md.*, 491.

The plaintiff's second, third and fourth prayers were properly granted.

There was no error in the refusal of the defendant's first prayer.

The testimony is too indefinite and vague, as to any agreement on the part of the plaintiff, either before or after the proceeding for the sale of the property, to give to the trustee additional time for the payment of the money, and certainly entirely insufficient to estop the plaintiff from recovery from the surety.

No other than parol evidence was offered.

It is a mooted question whether a mere verbal agreement to give an extension of time to the principal obligor, can under any circumstances, operate to discharge the surety ; but, however this may be, it is a clear proposition that any agreement to that effect, must be upon sufficient consideration, and must amount to an estoppel upon the party claiming to hold the surety bound. *Oberndorf vs. Union Bank of Balt.,* 31 *Md.,* 126 ; *Hayes vs. Wells & Babbitt,* 34 *Md.,* 512.

The defendant's second prayer was properly refused.

Under the decree, the property was authorized to be sold for all or one-fourth cash—the balance on a credit at the option of the purchaser.

The trustee reported that he had sold the property in accordance with the terms of the decree.

The proposition of the prayer, that if the trustee received the purchase money before it was due, without the knowledge and consent of his surety, such receipt of the money operates to discharge the surety, is without any shadow of foundation, and manifestly unjust.

From the character of the decree, allowing a sale for cash or on a credit, the purchaser may anticipate the payments with the consent of the trustee, and if the trustee received the money, and made no report thereof to the Court for its order thereon, but applied the same to his own use, without the consent of the surety, that would not discharge him from responsibility.

If the trustee was not ready to pay it over, when ordered to do so by the Court, upon the demand of the plaintiff,

his surety, as well as himself, were bound for the breach of duty.

There was no error in the refusal of defendant's third prayer.

The decree does not prescribe that interest shall be paid upon any deferred instalments of the purchase money, but it may be fairly inferred, in the absence of any proof to the contrary, that the sale was so made in fact by the trustee. However that might have been, there can be no doubt, that if the trustee did, in fact, receive interest on the credit payments, his surety was answerable for the same, as much so as to any principal received by him.

The defendant's fourth prayer was properly refused.

The question of interest has been disposed of by the review of plaintiff's first prayer, and was not to be left to the discretion of the jury in a case of this nature.

There was no error in the additional instruction of the Court, for the reasons already stated.

*Judgment affirmed.*

(Decided 8th March, 1876.)