WILLIAM CRICHTON and MALCOLM CRICHTON *vs.*
CARMAN SMITH and CARMAN D. SMITH.

*Regularity of an Appeal—Admissibility of Evidence—
Pleading.*

In an action in the Baltimore City Court, exceptions were taken by the
defendants to the rulings of the Court. The verdict and judgment were
for the plaintiffs. On the 26th of February, 1870, the day following the
entry of the judgment, the defendants made a motion for a new trial,
and filed reasons in support thereof. On the 28th of February, a copy
of the docket entries in the case and the papers, were transmitted to
the Supreme Bench of Baltimore City. On the 5th of May following,
the motion for a new trial was withdrawn by order of the defendants'
counsel. On the 9th of May, the, defendants entered an appeal in the
Baltimore City Court, and a record was thence transmitted to the Court
of Appeals. On the 11th of May, the papers in the case were remanded
by the Supreme Bench to the Baltimore City Court, together with a
copy of the docket entries therein. On a motion to dismiss the appeal,
it was HELD:

That the defendants had the right, by leave of the Court, to withdraw their
motion for a new trial at any time, and this having been done, the
original papers which had been transmitted to the Supreme Bench, were
rightfully returned to the Baltimore City Court, whence only the record
could come up; and that the appeal was therefore properly before the
Court.

In an action in the Baltimore City Court, to recover damages for the
alleged breach of a charter-party, a copy thereof is admissible in evi-
dence on the offer of the plaintiffs, the same having been produced and
used by the defendants as the charter-party between the parties to the
suit, in a certain other cause depending in the District Court of the
United States for the District of Maryland; such use by the defendants
being an admission of its authenticity.

A substantial description in the declaration, of the cause of action, is all
that is required under the present system of pleading in Maryland.

A deposition taken before a commissioner of the United States, and not in
accordance with the provisions of the laws of this State, is inadmissible
as evidence in a suit pending in a State Court.

APPEAL from the Baltimore City Court.

The nature of the case together with the exceptions which were taken by the defendants, are stated in the opinion of the Court. The verdict and judgment being for the plaintiffs, the defendants on the 26th of February, 1870, the day following the entry of the judgment, made a motion for a new trial, and filed reasons, embracing the exceptions they had taken in support thereof. On the 28th of February, a copy of the docket entries in the case and the papers, were transmitted to the Supreme Bench of Baltimore City. On the 5th of May following, the motion for a new trial was withdrawn by order of the defendants' counsel. On the 9th of May, the defendants entered an appeal in the Baltimore City Court, and a record was thence transmitted to the Court of Appeals. On the 11th of May, the papers in the case were remanded by the Supreme Bench to the Baltimore City Court, together with a copy of the docket entries therein.

A motion was made to dismiss the appeal.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY, MILLER and ALVEY, J.

*Bernard Carter*, for the appellants.

The Court erred in admitting in evidence the charter-party,

1st. Because the declaration in the case not having set forth with sufficient precision and certainty the terms of the charter-party referred to in it, the paper offered in evidence as the foundation of the suit, was not admissible.

2d. Because the offer of the plaintiffs was not to prove that said paper had been *produced* and *used* by the defendants in a suit in the United States Court, in a cause *between said plaintiffs* and *said defendants;* but only that it had been produced and used as the charter-party between said parties in a *certain other cause,* without saying between *what parties* said cause was.

3d. Because said paper, even if admissible at all, upon the ground that it had been produced and used by the appellants as stated, was as against them only *prima facie* evidence, and not *conclusive* as was ruled by the Court. *Phil., Wilmg., & Balt. R. R. Co. vs. Howard*, 13 *Howard, S. C.*, 333.

4th. Because its mere "production and use" by the appellants in the mode stated, did not even make it admissible as *prima facie* evidence in this case.

The deposition of Barnabas Bray was admissible in evidence for the appellants.

1st. It appears by its face to have been taken in a cause between parties who were the identical parties to this suit, and in an action had in another Court on the same cause of action on which the present suit was founded; and it further appears that each of said parties were present when it was taken, and the present appellees cross-examined the witness. 1 *Greenl. on Ev.*, sec. 553; *Phil., Wilmg. & Balt. R. R. Co. vs. Howard*, 13 *Howard*, 333.

2d. It appears on the face of the deposition that the witness lived at the time the evidence was taken in Massachusetts, and was on the eve of going to sea. His deposition was, therefore, admissible, without proof, that he was at the time of trial out of the State. 1 *Greenl. on Evidence*, secs. 322, 323; *The Patapsco Ins. Co. vs. Southgate, et al.*, 5 *Peters, S. C.*, 604.

3d. It appears on the face of the deposition that it was taken in accordance with provisions of law, and it is admissible. 1 *Greenl. on Ev.*, secs. 322, 323; *The Patapsco Ins. Co. vs. Southgate, et al.*, 5 *Peters, S. C.*, 604; *Bell vs. Morrison, et al.*, 1 *Peters, S. C.*, 351.

4th. The deposition was admissible without the production of the record in the case in the United States Court. It was admissible as a *deposition* as *evidence*, and in truth formed no part of the record strictly. The offer of the appellants was to prove that it was the *original* deposition; this offer is to be construed as an offer to prove, if necessary, by the United

States Commissioner in person, all the facts stated in his return. 1 *Greenl. on Ev.*, 163, 166.

*Benj. C. Barroll,* for the appellees.

This appeal should be dismissed :

1st. Because, when the appeal was entered, the cause had not been remanded from the Supreme Bench.

2d. Because, by waiving and abandoning *their exceptions,* they agreed to consider the judgment as final.

3d. By the true construction of the Constitution, Article 4, section 33, the right of appeal from the judgment in Baltimore City Court was given up, and lost when the cause was taken for review into the Supreme Bench, unless the Supreme Bench should fail upon such review to reverse the judgment. It was an appeal to the Supreme Bench upon exceptions taken for that purpose.

4th. The object and policy of the law in allowing an appeal to the Supreme Bench, was to afford both parties an opportunity of review, to save the delay and expense of bringing the case to the Court of Appeals. When the appellant abandons his appeal in the Supreme Bench, there is no provision made for remanding the cause to the *nisi prius Court.*

The provision under the 39th rule of the Baltimore City Court is, that if the appellant loses his case in the Supreme Bench, he may use his *exceptions* in a further appeal to the Court of Appeals. But he cannot use such exceptions if he abandons his case.

The appellees argued, if the appeal were entertained,

1st. That there were not properly any Bills of Exceptions in the record.

2d. That the evidence objected to in the first Bill of Exceptions, was properly admitted—because it was the paper which the defendant set up and used *as the charter-party.* And whether it was the original or a copy, it was their charter-party, and they were *estopped* to deny it.

Crichton, *et al.* *vs.* Smith, *et al.*

3d. The papers spoken of in the second Bill of Exceptions, were properly rejected by the Court, because they were not *the record.* And in no event were they admissible for the purpose offered.

4th. If the defendants desired to use the testimony of Barnabas Bray, they ought to have taken it as provided for by the Code.

5th. Bray was not summoned to appear at the trial—and no foundation whatever was laid for the introduction of his evidence.

6th. The appeal in this case brings up for revision the *judgment* of the Court below only, and not the *interlocutory rulings.*

BRENT, J., delivered the opinion of the Court.

As was intimated at the argument, we entertain no doubt, that this appeal is properly before the Court. The case before the Supreme Bench of Baltimore City was solely upon the motion by the defendants, who are the appellants here, for a new trial, which motion that Court alone was authorized to hear under the then provisions of the judiciary system for Baltimore City. The party making the motion had, at any time, the right to withdraw it by leave of the Court, and this having been done, the question was as effectually settled in that Court as if it had been heard and decided. The original papers, which had been transmitted under the rules, read by agreement upon the motion to dismiss, were then rightfully returned to Baltimore City Court, where the trial had taken place and from the latter Court only could the record come up. We find no irregularity in the entry of the appeal, or in the filing of the bills of exceptions certified to us as a part of the record. If the rules of the Supreme Bench of Baltimore City conferred the right to use them upon a motion for a new trial, it cannot be admitted that they could not therefore be used upon an appeal to this Court. The motion to dismiss will be overruled.

The questions presented upon this appeal are raised by two exceptions, and relate to the admissibility of certain evidence offered at the trial below. The suit was instituted to recover damages for the alleged breach of a charter-party, which the appellees aver in their declaration, was entered into between the appellants and the master of the Schooner "Union," a vessel belonging to the appellees and for whom, the master, in the making of said charter-party, acted as agent. The first exception is taken to the ruling of the Court in allowing a paper offered by the appellees, and purporting to be the charter-party, to be read in evidence to the jury, upon proof that the identical paper had been produced and used by the appellants, as the charter-party between the parties to this suit, in a certain other cause depending in the District Court of the United States for the District of Maryland.

The paper having been exhibited and used by the appellants, in a former suit, as the true and genuine charter-party between the parties to this suit, was certainly an admission of the strongest character in favor of its authenticity, and we cannot perceive how the Court below could have done otherwise than allow it to be read in evidence. The objection, that it does not appear to have been used in a case between the *same parties*, is not within the principle upon which it is admissible. It is immaterial whether the parties were the same or not. The paper, as offered, is not competent evidence from any privity of parties in that cause, but from the admission of the appellants, by its production and use, that it is the agreement which they had entered into with the appellees.

The case of the *Philadelphia, Wilmington and Baltimore R. R. Co. vs. Howard*, 13 *How.*, (*S. C.*,) 332, is a direct decision upon the point, if any authority is needed to support so plain a proposition. It is also objected that this paper is inadmissible, because its terms are not set forth in the declaration with sufficient certainty and precision. Our system of pleading does not require more than a substantial description of the cause of action, and this has been given in the declara-

tion before us.   The charter-party declared upon is described
as having been entered into between the defendants and the
master and agent of the Schooner "Union,"—and its alleged
breach is a failure to furnish the vessel with a cargo of guano
at the island of Rodonda.   The paper offered in evidence fully
corresponds with this allegation.    The parties are the same,
and the defendants agree by its terms to furnish the vessel
with a cargo of guano at the island mentioned.   The objection
furnishes no reason why the proof as offered should have been
rejected.   The admission by the defendants, that the paper
was the agreement of the parties in this suit, was sufficient
under the pleadings to allow it to be read in evidence to the
jury.

This exception does not present the question, whether the
charter-party alluded to, after being admitted in proof, is to
be considered only as *prima facie* evidence, or whether the
appellants, by their offer of it in another suit, were *estopped*
from offering proof that it was not the charter-party into
which they had entered.   The only question upon this excep-
tion is its admissibility as evidence.   If it was admissible for
any purpose, it was rightfully allowed by the Court to be read
to the jury.

The second exception is to the ruling of the Court in re-
jecting the deposition of Barnabas Bray, offered by the appel-
lants.   The objections to its admissibility are many.   As a
deposition it could not be read, because it was taken before a
Commissioner of the United States, and not in accordance
with any provision of the laws of this State.   If it was offered
as the testimony of a witness in a former suit between the
same parties—the proper foundation was not laid for its intro-
duction.   No evidence was offered that the witness could not
be reached by the process of the Court.   If dead, or beyond
the United States, proof to that effect should have been fur-
nished.   If he was a resident of another State, his testimony
could have been procured under a commission for that pur-
pose, issued from the Court in which the case was pending.

The offer of the papers in the case, already alluded to as having been pending in the District Court of the United States for the District of Maryland, was also properly rejected. There is nothing in the record to show that they had any relevancy to the issues in this case, and as it is stated in the exception that they were offered "in order to introduce the deposition of Barnabas Bray," they were clearly inadmissible for any such purpose.

As the rulings in both of the exceptions are without error, the judgment of the Court below will be affirmed.

*Judgment affirmed.*