## LUKE I. PEARCE vs. CHARLES E. WATKINS.

*Pleadings — Demurrer — Defective    Counts — Misjoinder    of Actions.*

On a demurrer to a declaration, if any one count is good, the demurrer cannot be sustained, but to be good it must be so independently of the others which may be deemed bad.

Counts in a declaration from which there is an entire omission of the prefatory words " For money payable by the plaintiff to the defendant," cannot be regarded as counts for money had and received.

An action on alleged policies of life insurance, cannot be joined with an action of deceit for the fraudulent procurement of money from the plaintiff through the medium of pretended policies of insurance.

A count charging that on the demand of the defendants " the plaintiff paid them a large sum of money as premiums or assessments on the policies," (mentioned in another count) "which they illegally took and used," does not set forth a cause of action, inasmuch as it fails to state in what way the money was illegally taken and used.

A count which simply charges the fraudulent procurement from the plaintiff by the defendants, of large sums of money, under representation that the defendants were legitimate life-insurance agents, without alleging in what way, when, or how much money was taken, falls short of stating facts sufficient to constitute a ground of action for deceit.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*John Johnson*, for the appellant.

The declaration is good as to form, because it contains all the elements necessary to formal pleading, viz., a plaintiff or party suing ; and suing in a proper forum ; defendants or party sued ; a legal cause of action against the party sued, properly, consistently and certainly stated, and allegations of harm or damage resulting to the plaintiff by reason of the facts so stated in the declaration, and a claim for a certain specified sum of money for the injury or damage alleged to have been sustained by the plaintiff, resulting from the facts so stated. It is difficult to see *where*, or in what particular, such a declaration is defective as to form ; therefore, upon the ground of form, the demurrer should

have been overruled.    1 *Poe on Pleading*, 473, 492 ;.
2 *Poe on Pleading*, 56.

The demurrer should have been overruled, and the
judgment of the Court below should be reversed, because
the declaration, in the language of the Acts of Assembly,.
does contain a "plain statement of the facts necessary
to constitute a ground of action," and is therefore suffi-
cient in law.    *Act of* 1856, *ch.* 112 ; *Act of* 1872, *ch.* 346 ;.
*Revised Code, page* 598.

The demurrer should not have been allowed, because
the statement of the cause of action is sufficient in sub-
stance.    *Act of* 1856, *ch.* 112, *sec.* 37 ; *Revised Code*, 598.

*William Colton*, for the appellee.

A declaration ought to be plain and certain, both because
it impeaches the defendant, and also compels him to make
answer thereto.    1 *Chitty's Plead., Title, Declaration ;
Gould on Plead., ch.* 4, *secs.* 2, 3.

The rules of pleading further require that only such,
demands as are similar in quality and character, may be
joined in the same original suit.    *Stephen's Pleading*, 279 ;
*Smith vs. State*, 66 *Md.*, 219 ; *Canton Nat. Build'g Asso.
vs. Weber*, 34 *Md.*, 670 ; *Stirling vs. Garritee*, 18 *Md.*,.
468.    See *Williams vs. Bramble*, 2 *Md.*, 318.

The joinder of causes of action or of counts, which the
law does not allow to be joined, is fatal to the declaration,
not only on demurrer, but on motion in arrest of judgment
after verdict, or on writ of error.    Actions *ex contractu*
and *ex delicto* may not be joined, for the causes of action
are essentially different, and counts in debt, covenant and
assumpsit, (*ex contractu*,) cannot be joined one with the
other.    *Gould's Pleading, chap.* 4, *sec.* 97 ; 1 *Poe's Plead-
ing*, 201–2 ; *Smith vs. State*, 66 *Md.*, 219.

In the *Canton Nat. Build'g Asso. vs. Weber*, 34 *Md.*, 670,
the Court says that: "Although the forms of pleading
have been simplified by the Code, the forms of action have

been preserved and kept distinct. The pleadings therefore, however simplified, must still be adapted to the particular form of action brought, and counts in debt can no more be joined with counts in assumpsit now than they could at common law."

IRVING, J., delivered the opinion of the Court.

Judgment was rendered for the appellee in the Court below upon demurrer to the appellant's declaration; and the sole question for review is whether the declaration is bad as the Court of Common Pleas held it to be.

The *narr.* begins by charging that the defendants, with others, were the officers of an alleged corporation called the "Guarantee Life Insurance Company of Baltimore, Maryland," and caused to be issued to the plaintiff two policies of insurance upon the life of Adam Keck, a maternal uncle of the plaintiff, giving their respective dates, and stating that each policy was for one thousand dollars, and that Adam Keck had since died. This is all that is stated in the first count.

The second count charges that, on the demand of the defendants during the life of Adam Keck, the plaintiff paid them a large sum of money as premiums or assessments on the policies, which "they *illegally* and unlawfully took and used."

The third count alleges large payments to the defendants after the death of the insured, Adam Keck, "which the defendants illegally took and divided and appropriated to themselves."

The fourth count is in these words: "And for that the said defendants representing themselves as officers of a corporation conducting a lawful and legitimate business of life insurance in the City of Baltimore and State of Maryland, fraudulently obtained from this plaintiff large sums of money."

The fifth count reads thus: "for that the said defendants, demand having been made, refuse to pay to the plaintiff the

sums of money fraudulently obtained from him by the defendants;" and the sixth count is, "for that the defendants, demand having been made, refuse to pay the policies of insurance as aforesaid, due and owing to the plaintiff," "and he claims $500 damages."

The demurrer admits the facts which are well pleaded. If any one count is good the demurrer cannot be sustained ; but to be good it must be so independently of the others which may be deemed bad. "The object of all pleading is that parties litigant may be mutually apprised of the matters in controversy between them." *Penn., Del. and Md. Steam Navigation Co. vs. Dandridge,* 8 *G. & J.,* 311. Although the Code, Art .75, sec. 3, says, "any plain statement of the facts necessary to constitute a ground of action shall be sufficient," yet it says in the same Article, sec. 2, that whatever facts are necessary to constitute a ground of action *shall be* stated. This is necessary that the defendant "may be forewarned of the nature of the proof to be preferred against him, and be prepared to contradict, explain or avoid it." *Dandridge's Case,* 8 *G. & J.,* 311.

Applying these principles to this declaration, it is clear no count thereof is good and sufficient in law. None of the counts can be regarded as being for money had and received, for there is an entire omission in the commencement, of the prefatory words "for money payable by the defendant to the plaintiff," which in *Merryman vs. Rider,* 34 *Md.,* 98, this Court decided were imperatively required by the Code to make a declaration on the money counts good. The *narr.* must therefore be regarded as a declaration on the alleged policies of life insurance, or as an action of deceit for the fraudulent procurement of money from the plaintiff through the medium of pretended policies of insurance. It must be for the one or the other ; for the two kinds of action cannot be joined.

It is too plain for argument that the first count, in which the issuance of the policies of life insurance is charged,

Pearce *vs.* Watkins.

does not set out a cause of action on the policies. It was not so contended at the hearing, but it was argued that its statements were mere matter of inducement to be read in connection with other counts which, it was claimed, did sufficiently set forth a cause of action.

If this contention that the so-called first count is merely inducement to the second and others, be accepted, still the second does not set forth a cause of action. It does not state in what way the money " was illegally taken and used." The third count is similarly defective.

Treating the suit as an action for deceit, the fourth count comes nearer stating a cause of action, but falls short of it. It simply charges the fraudulent procurement from the plaintiff by defendants of large sums of money, under representation that the defendants were legitimate life insurance agents. It does not charge in what way, when, or how much money was taken. It gives no notice what the defendants were expected to defend, and might expect to be proved against them. It is hard to tell what the pleader did design this declaration to be, and in what form of action he sought to proceed. It is so inartificially drawn as to meet the legal requirements of no form of action. The demurrer was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*

(Decided 15th March, 1888.)