## CONRAD LAPP *vs.* LEWIS STANTON.

*Pleading; declarations; trespass; identification of property; sufficiency of declaration; "permitting water to flood cellar"; "permitting fowls to make incursions on premises and damage goods."*

A declaration charging a defendant with having "run great quantities of foul and filthy water" into plaintiff's cellar and with having permitted fowls under his control to make incursions upon the plaintiff's premises and damage his goods, sufficiently describes acts constituting a trespass.     p. 200

Where a trespass is alleged to have been committed in the cellar of the plaintiff adjoining the one occupied by the defendant in the building known as Moat's Opera House, in the town of Frostburg, in Allegany county, and upon the lot in the possession of the plaintiff, situated in the rear of the building, it is, under the rules of pleading, a sufficient identification of the premises to which the suit is evidence.     p. 200

*Decided June 23rd, 1911.*

Appeal from the Circuit Court for Allegany County.

The cause was argued before BOYD, C. J., PEARCE, BURKE, URNER and STOCKBRIDGE, JJ.

*David J. Lewis* (with whom was *James A. McHenry* on the brief), for the appellant.

*Charles G. Watson,* for the appellee.

URNER, J., delivered the opinion of the Court.

In this case the only questions for review are raised by a demurrer which denies the sufficiency of two counts in the

declaration. There are preliminary averments in each count to the effect that the defendant occupied and used for saloon purposes a room and the cellar under it in a building in Frostburg known as Moat's Opera House, and that the plaintiff, in the year 1907, became the owner of the building and moved into it with his hardware store and occupied the room and cellar adjoining those in the possession of the defendant. The first of the counts then alleges: "That from the 1st day of May, 1908, to the 1st day of May, 1910, the defendant, while occupying said room and cellar and keeping a saloon in same, continued to run great quantities of filthy and foul water from his cellar into the plaintiff's cellar, damaging large quantities of merchandise, rusted a lot of pipe and other material, damaged the heating plant and caused the plaintiff a lot of unnecessary work and trouble." In the other count it is alleged that "there was a large lot behind the room occupied by the plaintiff and belonging to the plaintiff which he used to store stock upon and in the sheds and stable upon said lot," and "that from the 1st day of May, 1909, to the 1st day of May, 1910, the defendant kept a lot of game chickens which continually trespassed upon the plaintiff and roosted in the said sheds and stable and damaged new wagons, plows and other stock kept by the plaintiff on said lot, and in said sheds and stable." There was a claim of damages connected with the counts.

The demurrer was overruled, a plea of not guilty was filed, and the case was tried on the facts resulting in a verdict and judgment in favor of the plaintiff.

It is urged, as an objection common to both the counts, that the allegations do not inform the defendant whether he is charged with a tort or with a breach of contract. The further criticism is offered as to each that it does not sufficiently allege the right of the plaintiff in the premises, or the nature of the injury, or the fact that it was committed by the defendant. With respect to the second of the two counts quoted it is specially objected that it fails to describe the

close upon which the treaspass is alleged to have occurred, or to charge a breaking and entering of the close, or to describe how the damage complained of was produced.

In considering questions like the present we must be guided by the statutory provision that: "Any declaration which contains a plain statement of the facts necessary to constitute a ground of action shall be sufficient." *Code,* Art. 75, sec. 3.

It has been held, in view of this enactment, that the substance rather than the form of the pleading is the controlling consideration. *Gott* v. *State, use of Barnard,* 44 Md. 336; *Crichton* v. *Smith,* 34 Md. 47. The Code itself permits a departure from the forms of pleadings it contains "so long as substance is expressed." Art. 75, sec. 24. The declaration must, of course, state the cause of action "with such a reasonable degree of certainty as will give fair notice to the defendant of the character of the claim or demand made against him, so as to enable him to prepare for his defence." 1 *Poe on Pleading and Practice,* sec. 562; *Jeter* v. *Schwind Quarry Co.,* 97 Md. 698; *Anne Arundel Co.* v. *Carr,* 111 Md. 148; *Pearce* v. *Watkins,* 68 Md. 538. But the inquiry or demurrer must be made regardless of the technical common law rules as to forms of pleading, and the object must be simply to ascertain whether the allegations constitute a plain statement of the cause of action. If they adequately describe the nature of the plaintiff's demand and inform the defendant of the particular acts for which he is sought to be held liable, the objection to their sufficiency must be overruled.

The counts under consideration are manifestly informal, but we are unable to hold that they are not in substantial compliance with the requirements of law under our system of pleading. Each count plainly indicates that the ground of action was a continuing trespass by the defendant upon the plaintiff's use of property of which he was then in possession. To charge the defendant with having "run great

quantities of foul and filthy water" into the plaintiff's cellar, and, in effect, with having permitted fowls under his control to make incursions upon the plaintiff's premises and damage his goods, was to describe acts which constituted trespasses. 1 *Poe on Pleading and Practice,* 3rd Ed., sec. 159; *Richardson* v. *Milburn,* 11 Md. 340; *Note to Bulpit* v. *Matthews,* 22 L. R. A. 55. Upon such allegations there can be no doubt as to the real nature of the cause of action. It is obviously and exclusively *ex delicto.* · The ownership and occupancy of the designated property ·by the plaintiff is alleged, the disturbance of his possession by the defendant's conduct is charged, and the injuries sustained are described with reasonable particularity. The premises upon which the trespasses were committed are in each instance sufficiently indicated for the purposes of a suit of this character. Among the Code forms an entire count in trespass consists of the statement "That the defendant broke and entered certain land of the plaintiff, called 'The Orchard,' in —————— county, and depastured the same with cattle." Art. 75, sec. 24, sub-sec. 28. It is provided by section 22 of the same article that land may be described in declarations "by abuttal, course and distance, by any name it may have acquired by reputation, or by any other description certain enough to identify the same." The trespasses in this case are alleged to have been committed in the cellar of the plaintiff, adjoining the one occupied by the defendant, in the building known as Moat's Opera House, in the town of Frostburg, in Allegany County, and upon the lot in the possession of the plaintiff situated in the rear of the building. We can have no hestitation in holding that this description is a sufficient identification of the premises to which the suit refers. As facts are alleged which in effect constitute a trespass by the defendant upon the plaintiff's property, the omission to technically charge a breaking and entering can not be held material in view of the statutory rule we have quoted.

The point is made that the count which deals with the depredations of the defendant's chickens does not state how

they damaged the plaintiff's articles of merchandise. The averment is in effect that the fowls roosted in the sheds and stables on the plaintiff's lot and damaged his new wagons, plows and other stock there stored. This allegation indicates with reasonable certainty the cause and nature of the injury sustained under the special conditions described.

The demurrer was properly overruled and the judgment will be affirmed.

*Judgment affirmed, with costs.*