JOHN E. McAULIFFE, ET AL. *v.* JOHN J. B. LERCH, ET AL.

[No. 81, October Term, 1947.]

*Decided February 18, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Charles W. Main* for the appellants.

*Marvin I. Anderson*, with whom was *C. Osbourne Duvall* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This case was brought by the appellees in the Circuit Court for Anne Arundel County to prevent the appellants from using an ancient road, claimed to run over the property of appellees. As originally filed, it was a suit in ejectment for a strip of land over which the claimed road was located. The appellants pleaded not guilty, and on this issue the appellees took their testimony. Then the appellants asked and obtained leave to withdraw the not guilty plea and file a disclaimer. Thereupon the appellees amended their declaration by leave of court, and filed an amended declaration in trespass *q. c. f.* To this the appellants filed pleas of general issue and that the place where the alleged trespass was committed was a public highway. The case then continued with the agreement that the testimony already taken

should be considered as if taken under the amended pleadings.

We thus have a case where two questions arise. First, did the appellants use a portion of appellees' land as a roadway and second, if they did, was such user justified by the fact that such land had become, by prescription, a public highway. There was no contention that such a highway, if it existed, was ever accepted or maintained by the county. The evidence offered tended to show the use of the claimed roadway for many years as a cut-off between two county roads, known as the Governor's Bridge Road and the Queen Anne Road. The appellees attempted to minimize this use, and contended that, such as it was, it was merely by permission, and could not ripen into a prescriptive right.

The case was tried before the court without a jury. The trial judge, accompanied by counsel, visited the property, and wrote a lengthy and careful opinion in which he concluded that the appellants had not established their right to use the road. As a result, he found for the appellees, and entered a judgment against the appellants for one cent damages and costs. It is from this judgment that the appeal is taken.

Notwithstanding the care with which the court considered the second question involved, namely, whether a public highway existed, he dismissed with scant attention the first question which involved the right of the appellees to bring the action. He said that the plaintiffs had established their title and were in actual possession of the land through which the so-called road ran. He also said that he did not understand that there was any dispute as to the location of the boundary line between the properties of the parties. But the primary contention of the appellants here is that the appellees did not prove their title, and made no effort to prove possession. We find nothing in the record to show any concession by the appellants on the question of the appellees' title or possession. On the contrary, one of the appellants, Mrs. McAuliffe, in her testimony, claimed that her land ran to

the center of the road. There was no issue in the case of title by the appellants, and this statement is cited only to show that the appellees' title was not admitted. We must, therefore, examine the evidence to see if the appellees have established their right to bring the action. They must succeed, if at all, on the strength of their own case on this point, in the absence of any admission by the other side. *Norwood v. Shipley,* 1 Har. & J. 295; *Parker v. Wallis,* 60 Md. 15, 45 Am. Rep. 703.

It is, of course, well settled, that a plaintiff in an action of trespass *q. c. f.* must prove possession. The gist of the action is the injury to the possession of the plaintiff. The holder of a perfect paper title who is not in possession cannot maintain trespass. His remedy is in ejectment. If, however, the plaintiff has a paper title to the whole tract and is in actual possession of part of it, his constructive possession of the remainder is presumed. *Poe on Pleading,* Tiffany's Ed., paragraphs 242-246. In the case before us there is no evidence of actual possession of the alleged roadway by cultivation or fencing or other occupancy. The land used as a road ran along the edge of a field, and in some places through woods. While one witness testified there was a wire fence at places attached to the trees, he did not locate this fence as a boundary, or show whether it enclosed the roadway. The most reasonable inference from his testimony is that it did not contain or enclose the disputed land. The only possession attempted to be shown, therefore, is that which might be inferred from a legal title to the farm including the roadway, and possession of a part of this farm by appellees.

The appellees proved their claim of title to their farm. They purchased it in 1938 and they showed successive conveyances from 1877 to 1938, including the one to them. But, on paper, these conveyances did not show the location of the disputed road, or whether it was included in the land to which appellees had title and constructive possession. To supply this deficiency, resort was had to a plat purporting on its face to have been

made by J. R. McCrone, Jr. A surveyor named Latham was called to testify to this plat, and from some of his testimony we may conclude that he made the survey which formed its basis. The plat states it is of a physical survey showing the relationship of the road in use to established property lines on the Lerch farm. It shows a line running from the Governor's Bridge Road to the Queen Anne Road. This is stated to be the property line. It also shows the location of the road in question to the east of this line which would put it within the appellees' property if the line is correct. But there is no attempt to show a complete survey of the appellees' farm, and when Mr. Latham was asked who gave him the property line, he said he used it "from the evidence of the deed and from the evidence of the subdivision." The subdivision was one made by the predecessor in title of the appellants. When he was asked to identify the deed, he said it was one "that mentioned the oak tree" and stated he had not read it. A red oak tree is mentioned in the deed of the appellees, but this is not on the line claimed to represent the boundary, and is obviously not the tree referred to by the surveyor. There is a black oak tree mentioned in the deed of a property adjacent on the west. This tree is on or near the line. This deed also calls to the road in question but it is not in appellee's chain of title. It appears, therefore, that the line relied on by appellees to establish the boundary of their property was not obtained from their deeds or their chain of title, but was surveyed from descriptions in deeds of other properties, and the surveyor does not seem to have read even these deeds.

We do not think the boundaries of a farm can be located by running a single line in this manner. A complete survey of appellees' farm from their own deed would seem to be the logical method of proving the location of their western line. Why this was not done does not appear from the record, but in its absence and in the absence of proof of actual possession the appellees have not proved that it was their close that the appellants

broke, if they did break a close. We cannot assume what the appellees might have shown. It is the basis of their right to come into court that their possession is disturbed. If they do not show either actual or constructive possession, they have no claim against anyone for interferring with what they have not shown to exist.

Because of this failure of proof, there can be no recovery in this case.

> *Judgment reversed with costs. Judgment entered for the appellants against the appellees for costs.*