225 Md. 322 (1961)
170 A.2d 219
GARONZIK, ETC.
v.
BALTIMORE FEDERAL SAVINGS AND LOAN ASSOCIATION, ET AL.
[No. 313, September Term, 1960.]
Court of Appeals of Maryland.
Decided May 9, 1961.
The cause was argued before BRUNE, C.J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.
Alexander B. Kloze for the appellant.
Symone S. Spector, with whom were Julius A. Victor, Jr., and Abraham Levin on the brief, for the appellees.
*323 PER CURIAM:
The only question involved herein is whether the trial court was correct in sustaining a demurrer to the third amended declaration of the appellant, which claimed damages for a purported civil fraudulent conspiracy.
Although the declaration contains three counts and is quite lengthy, it will be unnecessary to discuss it in detail. As the narr fails, in any count, to allege a confederation of two or more persons to cheat and defraud the appellant of a legal right and that the design of the confederates had been actually executed by them with resulting damage to the appellant, the trial court's ruling upon the demurrer was proper. Western Maryland Dairy v. Chenowith, 180 Md. 236, 243, 23 A.2d 660; Checket-Columbia Co. v. Lipman, 201 Md. 494, 502, 94 A.2d 433.
The actions of the appellees upon which a charge of conspiracy is sought to be established are transactions in the course of an effort to obtain reimbursement for the amount of a check upon which the endorsement of one of the payees is claimed to have been forged. Upon being advised of the alleged forgery, the drawer of the check returned it, with an affidavit of the forgery, to the drawee bank, which, in turn, returned it to the collecting bank, with which the plaintiff had deposited it. The plaintiff is engaged in the check-cashing business, and forgery is one of the hazards of that business, with which the plaintiff appears to be familiar, from the identification required by him of one of the payees. His stamped endorsement on the check for deposit with the collecting bank was a guarantee of prior endorsements, which were those of the payees. A demurrer, of course, admits well-pleaded facts; however, the allegations of conspiracy indicate no more to us than extravagant and diffuse conclusions of the pleader.
Judgment affirmed, with costs.