## BLEVINS v. MULLAN CONTRACTING CO., ET AL.

[No. 280, September Term, 1963.]

190

*Decided June 8, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Julius G. Maurer,* with whom was *Stanley R. Bossard* on the brief, for appellant.

*William R. Dorsey, III,* with whom was *James D. Peacock* and *Semmes, Bowen & Semmes,* and *John L. Askew* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

The Circuit Court for Baltimore County (Berry, J.) granted the motion of the three appellees for summary judgment. It did so on the ground that the plaintiff-appellant's suit against the appellees was in trespass and was barred by the three year statute of limitations, and that it was not a suit in ejectment, as to which the applicable period of limitations would have been twenty years (a period which has not yet run). The trial court also did not permit the plaintiff to file a new amended declaration changing her suit to one in ejectment. She appeals.

The original declaration was filed on June 28, 1957, against Baltimore County only. It alleged that the plaintiff was the owner of a certain tract of land, that the defendant in the year 1952 broke into and entered this property and "wrongfully

usurped to its own use a strip of the Plaintiff's land" bordering on a named highway, upon which it wrongfully entered and which it graded and surfaced with asphalt or black top and crushed stone, thereby causing the plaintiff to lose a sale, since the purchaser was unwilling to take her property "the front footage having been reduced by the aforesaid action." The plaintiff claimed damages of $10,000 and no other relief. The County filed the general issue plea, and did not file a plea of limitations.

Subsequently it was agreed that the County would institute condemnation proceedings and that the plaintiff's suit would be dismissed without prejudice. This was done, but the County abandoned the condemnation proceedings and the plaintiff's suit was reinstated in May, 1959, in accordance with a motion filed by the plaintiff which was headed "Motion to Re-Institute Suit for Trespass," and in which she described the original suit as being "for Trespass."

On November 20, 1959, the plaintiff filed her first amended declaration. It increased the claimed damages from $10,000 to $50,000, omitted any claim for the loss of a sale, and alleged that the grading and surfacing of the strip caused the plaintiff "to lose valuable front footage and to suffer irreparable damage."

The plaintiff filed her second amended declaration on September 19, 1960, and her third on August 1, 1962. By the second she added two of the appellees, The Mullan Contracting Company and Mullan Brothers, Inc., as defendants; and by the third, she added the third appellee, Chatim Corporation. In each of these declarations the date of entry was stated as May, 1952. Otherwise, they were unchanged from the first amended declaration. The new defendants filed pleas to these declarations, and their first plea to each of them was limitations.

The appellees filed their motion for summary judgment on February 11, 1963, and in it alleged that the cause of action set out in the third amended declaration was, on its face, barred by limitations. The plaintiff filed an opposing affidavit on February 14, 1963, in which she alleged *inter alia* that the suit was "for the purpose of reclaiming the land of the Plaintiff upon which the Defendants have unlawfully trespassed." The alle-

gation as to the purpose of the suit seems an argumentative legal conclusion advanced by the plaintiff, rather than an allegation of fact; and the principal question in the case has been presented to us, quite properly we think, as a question of law arising on the allegations of fact contained in the present declaration.

The plaintiff, in her petition to reinstate the original suit, unequivocally recognized the suit as one in trespass; and from the fact that the appellees, when brought into the case, pleaded limitations, it seems clear that they so regarded it. Limitations must be pleaded specially in an action of trespass; when available (and it is obvious that twenty years had not elapsed here after the alleged cause of action arose) it need not be pleaded at all in ejectment. Maryland Rule 342 c 2 (a); 1 Poe, *Pleading and Practice* (Tiffany's Ed.), § 275, p. 220.

The understanding of the parties, and particularly the plaintiff's own description of her suit, seems persuasive, but may not be conclusive. An examination of the declaration, however, does show conclusively that the suit against the appellees is in trespass and not in ejectment. Two of the appellees were brought into the case in 1960 and the third in 1962. Effective as of January 1, 1962, under one of the Maryland Rules—designated in 1960 as Rule 1150 and in 1962 as Rule T40—the requirements of a declaration in ejectment are set forth. This Rule was applicable under the order of this Court adopting Rule 1150 effective as of January 1, 1959, and the later order redesignating it as T40 effective as of January 1, 1962, to the second and third amended declarations.[1] The Rule differs from the statute from which it was derived (Code (1957), Art. 75, § 25, now repealed by Ch. 36 of the Acts of 1962) in that the

---

1. These orders provided that the additional, amended or supplementary Rules thereby adopted "shall be applicable to all actions instituted on or after" the effective date and "shall be likewise applicable to all actions pending in the Courts of this State on that date with respect to further proceedings in such causes, insofar as the application [thereof] * * * to such further proceedings may be practicable." No contention has been made that it would not be practicable to apply the Rule to the amended declarations filed in 1960 and 1962.

Rule states the requirements of a declaration in ejectment, whereas the statute stated merely that a declaration is substantially the same form would be sufficient. Among the requirements stated in Rule T40 are: "(1) A statement that the plaintiff had been in possession of the land described," and "(3) A statement that the defendant ejected the plaintiff therefrom and retains possession thereof." The third amended declaration is patently deficient as to each of these allegations. Without laboring the matter, it seems obvious that allegations, in effect, that the defendants broke into and entered upon land to which the plaintiff held title and "usurped" a part of it to their own use by grading it and surfacing it with asphalt, black top and crushed stone falls short of alleging (a) that the plaintiff had been in possession of the land, (b) that the defendants ejected her therefrom or (c) that they retain possession thereof. The clear inference is that they do not retain possession, and it may be noted that the declaration does not seek relief by recovery of the premises, but only damages. Both are recoverable in ejectment.

The allegations of facts essential to support an action of ejectment are so far lacking under the plaintiff's declaration, even as last amended, that this declaration cannot be upheld, even under the saving grace of Rule 301 c, as stating facts sufficient to show a cause of action in ejectment. Cf. *Pearce v. Watkins,* 68 Md. 534, 539, 13 A. 376; *Garonzik v. Baltimore Federal Savings and Loan Assn.,* 225 Md. 322, 170 A. 2d 219; *Warren v. Board of Appeals, Md. Dept. of Employment Security,* 226 Md. 1, 9, 172 A. 2d 124.

The declaration is appropriate to an action of trespass under the form of declaration in trespass stated to be sufficient under Code (1957), Art. 75, § 14 (28). We also think that trespass, rather than ejectment, is the appropriate form of action for redress of the wrongs alleged in the declaration. *B. & O. R. R. Co. v. Boyd,* 63 Md. 325. Whether the plaintiff can or cannot, as a matter of evidence, show such possession as to entitle her to maintain a suit in trespass is not a question which is before us. Cf. *McAuliffe v. Lerch,* 189 Md. 672, 57 A. 2d 329, where the plaintiff failed to establish either actual possession of the land in question, which was used as a road, or a good paper

title to the whole of a tract including the road and actual possession of a part of the tract which would show constructive possession of the whole. Though, as *McAuliffe v. Lerch* states (189 Md. at 675), the remedy of the holder of a perfect paper title who is not in possession is in ejectment, not trespass, this is not to say that he may successfully sue in ejectment a defendant who is not alleged or shown to be in possession of the land.

We hold that the plaintiff's third amended declaration is in trespass and not in ejectment, that on its face it shows that the alleged cause of action against the appellees arose more than three years prior to the respective dates on which suit was brought against them, and hence that this suit against each of them is barred by limitations under Code (1957), Art. 57, § 1.

The claim that plaintiff should have been allowed as of right to amend her declaration a fourth time to state a cause of action for ejectment rather than trespass is without merit. Rule 320 a(2) provides that "an action may be amended from one form to another," but that statement must be read in the light of Rules 320 a(1) and 320 a(3) which make plain that all that is meant is that "the court may permit" such amendments and is not bound to do so. This is made plain by Rule 320 d(1)(b), which provides that "an amendment shall not be made without leave of court but leave to amend shall be freely granted in order to promote justice." Furthermore, we do not think that the court abused its discretion in failing to grant leave to amend. It is true that the court's judgment was not stated to be without prejudice to maintenance of an ejectment suit, but the appellees seem to concede that it would not operate as a bar to such a suit. In any event, we think that the court was entitled to consider the slight likelihood of success in an ejectment action against the appellees, who appear to have come and gone and not to be in possession, as well as the fact that numerous amendments had already been granted, in deciding how it should exercise its discretion. Cf. *Perlmutter v. Minskoff*, 196 Md. 99, 111-12, 75 A. 2d 129; *Simon v. Robinson*, 221 Md. 200, 207-08, 154 A. 2d 911; *Kernan v. Carter*, 132 Md. 577, 594, 104 A. 530. This is not a case like *Brucker v. Benson*, 209 Md. 247, 254-56, 121 A. 2d 230, where the plaintiff's

claim appeared to have substantial merit and no amendments had previously been granted.

*Judgment affirmed, costs to be paid by the appellant.*