# HOGAN v. STUMPER

[No. 357, September Term, 1969.]

*Decided April 3, 1970.*

The cause was argued before McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ. and RIDGELY P. MELVIN, JR., Associate Judge of the Fifth Judicial Circuit, specially assigned.

Earl V. Hogan in proper person.

Submitted on brief by *Lloyd E. James, Sr.,* for appellee.

PER CURIAM.

Hogan, alleging that Stumper had assaulted him on 16 May 1968, sued Stumper in the Circuit Court for Prince George's County, claiming $5,000 in compensatory damages and $20,000 in punitive damages. The suit was filed on 4 August 1969.

Stumper pleaded limitations specially, relying on Code (1957, 1968 Repl. Vol.) Art. 57 § 1 which provides in part:

"* * * [A]ll actions on the case for libel and slander and all actions of assault, battery and wounding, or any of them, [shall be commenced, sued or issued] within one year from the time the cause of action accrued."

Hogan countered with the contention that he had been confined in St. Elizabeth's Hospital [1] and Lorton Reformatory from 20 May 1968 to 7 July 1969—a contention completely lacking in merit in view of the provision of Code Art. 57 § 7 that limitations "shall not be extended because the plaintiff in such suit or action was, is or shall be * * * imprisoned, * * * at the time of the accrual of the right, title or cause of action." By his own statement, Hogan was not confined until four days after the right accrued. Once the statute has commenced to run no subsequent disability will arrest it, unless the statute clearly provides. See *Maurice v. Worden,* 52 Md. 283 (1879).

Stumper's motion for summary judgment was granted, and we think properly so, since Hogan's declaration showed on its face that the alleged cause of action arose more than one year prior to the date on which suit was brought. *Blevens v. Mullan Contracting Co.,* 235 Md. 188, 194, 201 A. 2d 348 (1964). Stumper was entitled to judgment as a matter of law. Rule 610 a 1.

*Judgment affirmed, costs to be paid by appellant.*

---

1. Apparently for evaluation or treatment. Hogan does not allege that there was a finding of lunacy. See Code, Art. 57 § 2; *Rettaliata v. Sullivan,* 208 Md. 617, 119 A. 2d 420 (1956).